## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case Nos. 14-20069-02-JAR** |
| | **20-2388-JAR** |
| **JUSTIN INGRAM,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Justin Ingram's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 152). The Government responded by requesting dismissal because the motion is untimely.[1] After careful review of the record and arguments presented, the Court dismisses Petitioner's motion to vacate as untimely.

## I.    Factual and Procedural Background

On September 1, 2015, Petitioner pled guilty to Count One of the Superseding Indictment, conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).[2] In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report, in which Petitioner was assessed a base offense level of 36 under U.S.S.G. § 2D1.1.[3] Petitioner received a two-level enhancement for possession of a firearm under § 2D1.1(b)(1), a two-level enhancement for making a credible threat of violence under § 2D1.1(b)(2), a two-level enhancement for maintaining a premises for the

---

[1]Doc. 156.

[2]Docs. 74, 75.

[3]Doc. 113 ¶ 70.

purpose of storing, using, and distributing methamphetamine under § 2D1.1(b)(12), and a three-level reduction under § 3E1.1 for acceptance of responsibility.  Petitioner's total offense level was 39 with a criminal history category I, resulting in a Guidelines range of 262 months to 327 months.  The Court sentenced Petitioner to 144 months' imprisonment on January 31, 2017.[4] Judgment was entered on February 2, 2017; Petitioner did not file a direct appeal.

Petitioner subsequently filed the present *pro se* § 2255 motion on July 29, 2020, asserting ineffective counsel and that his two-level sentencing enhancement for possession of a firearm was unconstitutional in light of the Supreme Court's June 21, 2019 ruling in *Rehaif v. United States*.[5]

## II.   Discussion

A one-year period of limitation applies to § 2255 motions.[6]

> The limitation period shall run from the latest of -- (1) the date on which the judgement of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

Because Petitioner makes no assertions that would fall under (2) or (4) above, the § 2255 motion must have been filed within one year of the conviction becoming final or within one year

---

[4]Doc. 130.

[5]139 S. Ct. 2191 (2019).

[6]*See* 28 U.S.C. § 2255(f).

[7]*Id.*

of the Supreme Court initially recognizing a right made retroactively applicable to cases on

collateral review in order to be timely.  Under Rule 4(b) of the Federal Rules of Appellate

Procedure, Petitioner had fourteen days from the date Judgment was entered to file an appeal.

Because Petitioner did not file an appeal, his conviction became final on February 16, 2017.[8]

Therefore, under § 2255(f)(1), the motion to vacate is untimely.

Petitioner also contends that under § 2255(f)(3) the one-year limitation period should run

from June 21, 2019, the date the Supreme Court decided *Rehaif v. United States*.  However, for

the limitation period to run from this later date, *Rehaif* must have newly recognized a right and

made this right retroactively applicable to cases on collateral review.  While the Supreme Court

and the United States Court of Appeals for the Tenth Circuit have not squarely addressed

whether *Rehaif* retroactively applies to cases on collateral review, non-retroactivity is "the

uniform view of . . . courts of appeals that have addressed this question."[10]  For example, the

Second Circuit analyzed the issue and stated:

> The Supreme Court's *Rehaif* decision resolved only a question of
> statutory interpretation and did not announce a rule of
> constitutional law (much less a new one, or one that the Supreme
> Court has made retroactive on collateral review or that was
> previously unavailable).  *Rehaif* clarified the mens rea applicable
> to a violation of 18 U.S.C. § 922(g), holding that the government
> must prove that a defendant knew both that he possessed a firearm
> and that he belonged to the relevant class of persons barred from
> possessing a firearm.  In reaching that decision, the Supreme Court
> applied a standard "interpretive maxim" to discern "congressional
> intent" about the meaning of the word "knowingly" as it appears in
> the text of § 922(g).  In other words, the Supreme Court was
> simply construing a statute.[11]

---

[8] Fed. R. App. P. 4(b).

[10] *Mata v. United States*, 969 F.3d 91, 94 (2d Cir. 2020); *see In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020); *United States v. Gulley*, No. 15-10055-1-JTM, 2020 WL 4815947, at *1 (D. Kan. Aug. 19, 2020).

[11] *Mata*, 969 F.3d at 93.

Because the Supreme Court did not recognize a new right that was retroactively applicable to cases on collateral review in *Rehaif*, Petitioner had until February 16, 2018 to file his § 2255 motion, one year from when his conviction became final.  Petitioner filed his § 2255 motion on July 29, 2020, nearly two years and six months after the one-year limitations period ran.  The motion to vacate is therefore untimely.

Petitioner argues that he is entitled to equitable tolling of the statute of limitations due to a lack of access to the prison law library due to the COVID-19 lockdown.[12]  The one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances."[13]  "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in the way."[14]  Petitioner's deadline to file his § 2255 motion passed more than two years before the lockdown.  Given this timing, the lockdown did not stand in the way of Petitioner pursuing his right to file a § 2255 motion by February 16, 2018.

Further, Petitioner's claim that he received ineffective assistance of counsel does not present an extraordinary circumstance to justify equitably tolling the limitations period.  A purported denial of the effective assistance of counsel under the Sixth Amendment, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]."[15]  Petitioner alleges defense counsel was ineffective by "failing to fully investigate all leads, and to explain the context of the plea to the

---

[12]Doc. 158.

[13]*See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[14]*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[15]*United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005).

extent that 'knowingly' was not properly explained or addressed in the plea colloquy."[16]  Even

presuming this allegation is true, it does not establish extraordinary circumstances that justify

tolling the limitations period.[17]  Accordingly, the Court finds that Petitioner's request for

equitable tolling is without merit, and his § 2255 motion is untimely and thus barred by the

statute of limitations.

## III.    Certificate of Appealability

Under Rule 11 of the Rules Governing § 2255 Proceedings, courts must issue or deny a

certificate of appealability when entering a final order adverse to the applicant.[18]  A certificate of

appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right.[19]  To satisfy this standard, the movant must demonstrate that "reasonable

jurists would find the district court's assessment of the constitutional claims debatable or

wrong."[20]  For reasons stated above, the Court finds Petitioner has not satisfied this standard and

denies a certificate of appealability for its ruling on his § 2255 motion.

---

[16]Doc. 152 at 14.

[17]*See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (holding equitable tolling not available to "garden variety" claims of attorney neglect); *see also Holland v. Florida*, 560 U.S. 631 (2010) (listing instances where attorney misconduct *may* incur equitable tolling of the statute of limitations, including: client abandonment, a last minute change in representation immediately before trial, and where attorney failed to communicate with the client for years).

[18]The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability.  Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[19]28 U.S.C. § 2253(c)(2).

[20]*Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 152) is dismissed as untimely.  Petitioner is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: October 15, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE